UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MICHAEL K. BURDEN,

    Plaintiff,

v.   Civil Action No. 2:10cv345

SYR INC. MANAGEMENT SERVICES,

    Defendant.

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant, SYR Inc. Management Services ("SYR"), by counsel, submits this Memorandum in Support of Motion to Dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## FACTUAL BACKGROUND

For purposes of considering this motion to dismiss under Rule 12(b)(6), Plaintiff's allegations must be treated as if they are true. Therefore, the pertinent facts, as pled by the Plaintiff, can be summarized as follows:[1]

Michael K. Burden ("Burden") was employed by SYR. Compl, Ex. E. Burden was terminated from his employment with SYR on December 9, 2008. Compl., Ex. I. At the time of his termination, Burden was a cashier and worked on the sales floor of one of SYR's stores. Compl., Ex. E.

On November 28, 2008, Burden injured his back while working. Compl., ¶ 2. SYR filed an Employer's Accident Report that same date. Compl., Ex. E. According to the

---

[1] Defendant restates the facts as pled by the Plaintiff for the sole purpose of the Motion to Dismiss pursuant to Rule 12(b)(6), however, Defendant denies the allegations contained in Plaintiff's Complaint.

Employer's Accident Report, it was unknown how the injury had occurred or the nature of the injury. *Id.* At the time of the injury, Burden was taken by ambulance to Sentara Norfolk General's Emergency Room for treatment. Compl., ¶ 2. Burden was treated at the emergency room of the Veteran Administration Hospital that night. Compl., ¶ 3. Burden was advised that he could return to work on December 2, 2008 and provided a document verifying his ability to return to work on that date by the physician who treated him. *Id.;* Compl., Ex. F.

Because of continued pain related to the injury, Burden returned to the hospital on November 29, 2008. Compl., ¶ 3. On that date, he was advised to follow up with his primary care or workers' compensation physician in two days. Compl, Ex. G. Burden asserts that he returned to the hospital on December 1, 2008 and that he was given "a return to work and light duty paper" permitting him to return to work on December 12, 2008. Compl., ¶ 3. The letter from the Department of Veterans Affairs dated December 1, 2008 stated that it would be necessary for him to be off work for two weeks and then to return to light duty. Compl., Ex. H. There is no specific reference to December 12, 2008 in this notice. *Id.*

Burden asserts that "all doctor notes and return to work slips plaintiff received before Dec. 1st were given to the Employer before December 1st and the Veterans doctor slip dated December 1, 2008 were given to the employer on December 1, 2008." Compl., ¶ 3. However, as stated by SYR in the Employee Outprocessing Separation Form dated December 9, 2008, as of the date of the completion of that form, SYR had received no communications from Burden. Compl., Ex. I. Burden was scheduled to work on December 3, 2008, December 4, 2008 and December 6, 2008. *Id.* Burden was found to be in violation of SYR policies based on his failure to contact his supervisor. *Id.* Further, SYR determined that Burden had abandoned his

job based on his failure to report to work as scheduled or communicate with his supervisor regarding any such absences. *Id.*

The only call which Burden asserts he that he made to his supervisor at SYR occurred on December 9, 2008. Compl., ¶ 4. On that date, he states that his supervisor informed him that he was terminated from his employment with SYR and that he was later advised that he had abandoned his job when he failed to report to work on three occasions, December 3, 4, and 6, 2008. *Id.*

Burden filed a charge with the Equal Employment Opportunity Commission ("EEOC") on December 11, 2008. *See* Compl, Ex. A. In the charge filed with the EEOC, Burden asserts that he has "been discriminated and retaliated against in being discharged for sustaining an on the job injury in violation of the Americans with Disabilities Act of 1990, as amended, Section 107 of Title 1, and the Virginia Human Rights Act, VA Code 2.2-3900B et seq." *Id.*

The EEOC reviewed Burden's charge and advised him that the Commission was concluding the processing of his charges against SYR on April 28, 2010. *See* Compl., Ex. B. As Carlos Rivera Villescas, Deputy District Director of the EEOC, informed Burden, the evidence did not support his allegation of discrimination on the basis of disability. The EEOC explained that Burden's allegation did not involve a disability as defined by the Americans with Disabilities Act as Burden was not considered to be a qualified individual with a disability. *Id.* Subsequently, following an inquiry from Burden regarding his charge of retaliation, on June 17, 2010, Herbert Brown, Director of the EEOC, informed Burden that his review of his allegations of retaliation "did not uncover any evidence that you protested any laws or participated in any investigation that the Commission is responsible for enforcing and/or conducting." Compl., Ex.

D. Brown advised Burden that the Dismissal and Notice of Rights to Sue issued on April 28, 2010 included both his disability and retaliation claims. *Id.*

Burden filed this lawsuit on July 27, 2010. In his Complaint, Burden requests judgment against SYR for discrimination based upon retaliation and disability. Based upon these allegations, Burden seeks compensatory damages in the amount of One Hundred Thousand Dollars ($100,000.00) and costs and costs incurred in filing this lawsuit.

## ARGUMENT

**I.  Standard of Review**

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint. *Edwards v. City of Goldsboro,* 178 F. 3d 231, 243 (4th Cir. 1999). Such a motion should be granted when "the plaintiff can prove no set of facts in support of the claim that would entitle one to relief." *Trulock v. Freeh,* 275 F. 3d 391, 401 (4th Cir. 2001). The reviewing court is to rely solely upon the allegations contained in the complaint and those documents attached as exhibits or incorporated by reference. *Simons v. Montgomery County Police Officers,* 762 F. 2d 30, 31 (4th Cir. 1985). When ruling on such a motion, a district court must "accept the well-pled allegations of the complaint as true," and construe the allegations in the light most favorable to the plaintiff. *Ibarra v. United States,* 120 F. 3d 472, 474 (4th Cir. 1997). However, the court is not bound to accept as true "conclusory allegations regarding the legal affect of the facts alleged." *Labram v. Havel,* 43 F. 3d 918, 921 (4th Cir. 1995).

"While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal

citations omitted). The complaint's factual "allegations must be enough to raise a right to relief above the speculative level." *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcraft v. Iqbal,* 129 S.Ct. 1937, 1949-50 (2009) (internal citations omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* (internal citations omitted). In his Complaint, Burden has failed to state even a plausible claim for relief of discrimination or retaliation in violation of the Americans with Disabilities Act and thus his claim must be dismissed.

## II.     Plaintiff Fails to Allege Facts Sufficient to Establish a Claim of Discrimination on the Basis of Disability in Violation of the Americans with Disabilities Act.

Burden has failed to state a claim for discrimination on the basis of disability in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"). Burden asserts that he did not voluntarily relinquish his position, but that his employment with SYR was terminated. In his charge with the EEOC, Burden asserted that he was discriminated and retaliated against based on a disability when he was discharged by SYR. Compl., Ex. A. In order to bring a claim of discriminatory discharge under the ADA, a plaintiff must show that (1) he was in the protected class; (2) he was discharged; (3) at the time of the discharge, he was performing his job at a level that met his employer's legitimate expectations; and (4) his discharge occurred under circumstances that raise a reasonable inference of wrongful discrimination. *See Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.,* 53 F. 3d 55, 58 (4th Cir. 1995). Even assuming all of Burden's allegations to be true, Burden cannot demonstrate that he was in the protected class or that he was performing his job at a level that met his employer's legitimate expectations.

The "protected class" refers to those disabled under the ADA. 42 U.S.C. § 12102(2). Under the ADA, "disability" is defined as (1) a physical or mental impairment that substantially limits one or more of the major life activities of the individual; (2) a record of such impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(2); *Pollard v. High's of Balt., Inc.*, 281 F.3d 462, 267-68 (4th Cir. 2002).

Burden was not actually disabled under the ADA. In order to show actual disability, a plaintiff must show that his impairment is substantially limiting, such that he is significantly restricted in a major life activity. 29 C.F.R. § 1630.2(j)(1). Factors which should be considered in determining whether an impairment is substantially limiting are (1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the permanent or long term impact of the impairment. 29 C..F.R. § 1630.2(j)(2); *Pollard,* 281 F.3d at 467-68. "The terms 'substantially' and 'major,' as used in the ADA provision defining 'disability' as an impairment that substantially limits one or more major life activities need to be interpreted strictly to create a demanding standard for qualifying as disabled . . ." *Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 197, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). While it is true that *Toyota Motor* was expressly overruled by the ADA Amendments Act of 2008, the ADA amendments to do not apply retroactively. *Bateman v. American Airlines, Inc.,* 614 F.Supp.2d 660, 670, fn. 1 (E.D.Va. 2009). Thus, a court is to use the laws and interpretations of those laws in effect at the time that the action which is the subject of a claim occurred. *See id.* (citing to *Knox v. City of Monroe,* No. 07-606, 2008 WL 5157913, at *5). Because the action taken by SYR of which Burden complains occurred in December of 2008, *Toyota Motor* and its progeny remain controlling.

In *Toyota Motor,* the Supreme Court addressed what constitutes a "major life activity" and concluded that this term "refers to those activities that are of central importance to daily life." *Id.* at 197. Examples of "major life activities" include "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." 29 C.F.R. § 1630.2(j); *Toyota Motor,* 534 U.S. at 198, 122 S.Ct. 681; *Heiko v. Colombo Sav. Bank. F.S.B.,* 434 F.3d 249, 255 (4th Cir. 2006). In considering whether an impairment substantially limits a major life activity, a factor that should be considered is whether the impairment is permanent or long-term. *See Pollard,* 281 F.3d 462 (nine month absence from work due to temporary back injury did not constitute disability). Further, as the Fourth Circuit has stated, the type activities which must be limited are those "that the average person in the general population can perform with little or no difficulty." *Rohan v. Networks Presentations LLC,* 375 F.3d 266, 274 (4th Cir. 2004) (quoting *Pack v. Kmart Corp.,* 166 F.3d 1300, 1305 (10th Cir. 1999)). This is an individualized inquiry which is specific to the facts of each case. *See EEOC v. Sarah Lee Corp.,* 237 F.3d 349, 352-53 (4th Cir. 2001) (finding that although epilepsy was one of the conditions Congress had in mind when enacting ADA, this plaintiff's epilepsy did not substantially limit any of her major life activities).

Burden cannot demonstrate that he had a disability at the time he was terminated by SYR. Burden alleges that he had an injury which occurred on November 28, 2008. He does not identify any way in which he was significantly restricted in a major life activity. In fact, Burden asserts that he was ready and able to return to work on December 12, 2008. Such a temporary injury which did not impede Burden's ability to return to work does not constitute a disability under the ADA.

Burden is also unable to demonstrate that, at the time of the discharge, he was performing his job at a level that met his employer's legitimate expectations. According to the Employee Outprocessing Separation Form which Burton attached as an exhibit to his Complaint, as of December 9, 2008, Burden had not communicated with SYR regarding his medical condition or his inability to work on December 3, 4 or 6, 2010. Compl., Ex. I. According to this form, Burden "has continuously broken SYR Inc. policies by not contacting his supervisor." *Id.* Based on the facts as supported by the documents presented by Burden, he was not performing his job at level that met his employer's legitimate expectations. There is simply no basis for Burden's claim of discrimination on the basis of disability and thus this claim must be dismissed.

II. **Plaintiff Fails to State a Plausible Claim for Relief of Retaliation in Violation of the Americans with Disabilities Act.**

There is no factual basis for Burden's claim of retaliation and thus this claim should be dismissed. In order to demonstrate retaliation, a plaintiff must prove that (1) the plaintiff engaged in protected activity; (2) the employer took an adverse employment action against the plaintiff; and (3) a causal connection existed between the protected activity and the adverse employment action. *See Saffell v. State Farm Mut. Auto. Ins. Co.,* 202 F.Supp.2d 475 (E.D. Va. 2002); *Carter v. Ball,* 33 F.3d 450 (4th Cir. 1994). In order to demonstrate that the activity is protected, a plaintiff must prove that he or she held a reasonable belief that the practice he or she had opposed on a particular day amounted to the employer's unlawful refusal to provide reasonable accommodation to limitations imposed by the plaintiff's disability. *Parkinson v. Anne Arundel Medical Center,* 79 Fed. Appx. 602 (4th Cir. 2003).

In *Wells,* the court explained that "[a] plaintiff engages in protected activity within the meaning of the statute in one of two ways: he either opposes an unlawful employment practice or he participates in an investigation, proceeding, or hearing regarding such." *See Wells v.*

*Briggs Construction Equip., Inc.,* 2010 WL 2991673, *8 (D.S.C. 2010).  If a plaintiff does not allege any facts showing that he has engaged in this type of protected opposition or participation activity and instead simply restates a claim of discrimination on the basis of disability, a claim of retaliation will fail.  *Id.*  In *Wells,* the plaintiff was employed as a rental representative for a company which rented heavy construction equipment.  The plaintiff had to have knee replacement surgery and informed his supervisors that he would be unable to work at a certain point in the coming months when his surgery was scheduled.  A week later, one of his supervisors provided him with a memorandum explaining how his vacation days, sick days and short term disability could be utilized during his time out.  The plaintiff alleged that his supervisors' attitudes toward him changed after learning of the surgery.  He was placed on a performance improvement plan and ultimately terminated for inadequate job performance.  The plaintiff then brought a number of claims against the employer, including a claim for discrimination on the basis of disability and a claim of retaliation.  The court found that the plaintiff's claim of discrimination on the basis of disability failed because he could not demonstrate that he was a qualified individual with a disability.  The court further found that there was no basis for the plaintiff's claim of retaliation as the plaintiff had not demonstrated that he had engaged in protected opposition or participation activity and his claim of retaliation was actually just a restatement of his claim of discrimination.  *Id.*

     Similarly, here, Burden's claim of retaliation is simply a restatement of his claim of discrimination.  Burden has alleged no facts which would support a claim for retaliation.  Burden has not alleged that he engaged in any protected activity.  Burden has not asserted that he opposed any practices engaged in by SYR prior to his alleged discharge.  Burden has also not asserted that he participated in an investigation, proceeding or hearing related to an unlawful

9

employment practice. Burden has no plausible claim of retaliation in violation of the ADA against SYR and this claim must be dismissed.

## **CONCLUSION**

For the foregoing reasons, SYR Inc. Management Services respectfully requests that this Court dismiss the Complaint in its entirety with prejudice. The plaintiff herein is *pro se* and in accordance with Local Rule 7(k), the following warning is provided:

(1) The *pro se* party is entitled to file a response opposing this motion and any such response must be filed within twenty (20) days of the date on which the dispositive or partially dispositive motion is filed; and

(2) The Court could dismiss the action on the basis of the moving party's papers if the *pro se* party does not file a response; and

(3) The *pro se* party must identify all facts stated by the moving party with which the *pro se* party disagrees and must set forth the *pro se* party's version of the facts by offering written affidavits (sworn statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury); and

(4) The *pro se* party is also entitled to file a legal brief in opposition to the one filed by the defendant.

This 17th day of September, 2010.

        SYR INC. MANAGEMENT SERVICES


        /s/ Elaine Inman Hogan
        Ann K. Sullivan, VSB #17763
        Elaine Inman Hogan, VSB #48409
        *Attorney for Hiller Systems, Inc.*
        Crenshaw, Ware & Martin, P.L.C.
        1200 Bank of America Center
        One Commercial Place
        Norfolk, VA 23510
        Telephone: (757) 623-3000
        Fax: (757) 623-5735
        asullivan@cwm-law.com
        ehogan@cwm-law.com


### **CERTIFICATE OF SERVICE**

 I hereby certify that on this 17th day of September, 2010, I mailed a copy of the foregoing to following persons who are not registered users of the CM/ECF system:

    Michael K. Burden
    6621 A Pilot Ave.
    Norfolk, VA  23513


        /s/ Elaine Inman Hogan
        Ann K. Sullivan, VSB #17763
        Elaine Inman Hogan, VSB #48409
        *Attorney for Hiller Systems, Inc.*
        Crenshaw, Ware & Martin, P.L.C.
        1200 Bank of America Center
        One Commercial Place
        Norfolk, VA 23510
        Telephone: (757) 623-3000
        Fax: (757) 623-5735
        asullivan@cwm-law.com
        ehogan@cwm-law.com