UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FILED
OCT - 6 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

MICHAEL K. BURDEN,

    Plaintiff,

v.                                      Civil Action No. 2:10cv345

SYR INC. MANAGEMENT SERVICES,

    Defendant.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff Michael K. Burden was employed by SYR Inc. Management Services, at 795 Monticello Ave., Norfolk Virginia. Plaintiff alleges that SYR Inc. discriminated against the plaintiff by retaliation for him seeking protection under the Virginia's Workers' Compensation statues, by wrongful termination/discharge in violation of public policy, in violation of Title VII of the Civil Rights Act, in violation of the Americans with Disability Act of 1990 and in violation of the Virginia Human Rights Act. Plaintiff alleges that SYR Inc. discriminated against the plaintiff when SYR Inc. wrongfully terminated/discharged him after an on the job injury disabled plaintiff for two weeks, in violation of the Virginia Human Rights Act, in violation of the Americans with Disability Act of 1990, and Title VII of the Civil Rights Act.

Plaintiff claims that on December 9, 2008, plaintiff was wrongfully terminated by SYR Inc. for subtaining an on the job injury on November 28, 2008 and seeking protection under the Virginia's Workers' Compensation Laws. SYR Inc. received all doctor notes from plaintiff concerning the on the job injury and still wrongfully terminated plaintiff. Plaintiff seeks a judgement in his favor for discrimination based on Retaliation and Disability, for punitive damages and compensatory damages (non-pecuniary damages) of $100,000, and cost.

Defendant SYR Inc. Management Services, has moved the Court for its order dismissing this case. Defendant contends that the complaint fails to state a claim upon which relief can be granted.

Plaintiff disputes defendant's contentions, and moves the Court to deny/dismiss the defendant's Motion to Dismiss.

## II. DISPUTED FACTS

1. Plaintiff disputes the statement that "as stated by SYR in the Employee Outprocessing Seperation Form dated December 9, 2008, as of the date of the completion of that form, SYR had received no communications from Burden." Plaintiff states the following facts are that the administrative assistant who handles on-the-job accidents received the Dec 1, 2008 doctor's note on Dec. 1, 2008, stating that the plaintiff was to be out of work until Dec. 12, 2008. The Virginia Employment Commission's Special Examiner Susan M. Batte stated in her Decision No. UI-087750C, Ex. J on page 4 that "In the present case , the employer

contends the claimant quit when he failed to return to work on December 3, 2008." "However, the administrative assistant who handles on-the-job accidents admitted that two days prior to this final date, she received a doctor's note from the claimant that he was to be out of work until December 12, 2008." The SYR administrative assistant was under oath at a Hearing on May 5, 2009, which was requested by SYR Inc., and the administrative assistant admitted SYR Inc. did receive communications from Mr. Bruden. The fact that SYR Inc. is now saying they did not receive the doctor's note from the Veterans Hospital's doctor is reason to believe a cover up took place to conceal their motives of retaliation.

2. Plaintiff disputes the statement " Burden was scheduled to work on December 3, 2008, December 4, 2008 and December 6, 2008." Plaintiff disputes the statement that " Burden was found to be in violation of SYR policies based on his failure to contact his supervisor." Plaintiff states the facts are that plaintiff's submission of the doctor's note from the Veteran's Administration on December 1, 2008 prior to his scheduled workday on December 3, Dec. 4 and Dec. 6, 2008, is why plaintiff did not violate the SYR's policy. The fact is that note placed the employer on notice that the plaintiff was excused from work through December 12, 2008. The facts are that the employer's policy does not require that employees who have provided medical notes call in absences during the period they are placed out of work due to a medical condition.

3. Plaintiff disputes the statement that Compl.,Ex. H " There is no specific reference to December 12, 2008 in this notice." Plaintiff states the fact that the VA Hospital's note Ex. F was in effect on December 1, 2008, the VA hospital revised the doctor's note to include the dates starting from 11/28/08. Ex. K from the Virginia Employment Commission specificlly explains the following facts: Question number 5 asks, "At any time during current illness, has the patient been incapacitated and totally unable to perform any Work?" Answer was yes and stated 2weeks off duty. Question number 5 then asked, "If yes, during what period of time was the patient totally unable to work?" Answer was From 11/28/08 To 12/12/08.

4. Plaintiff disputes the statement " SYR determined that Burden had abandom his job based on his failure to report to work as scheduled or communicate with his supervisor regarding any such absences." Plaintiff states the facts are as follows: The administrative assistant spoke to plaintiff by telephone to advise him she would not honor any other doctor's note, and the plaintiff would have to see a doctor from the employer's Panel of Physicians. Plaintiff while turning in the Dec.1, doctor's note to his supervisor on December 1, 2008, spoke directly to his supervisor in person informing her that the doctor's note states he would return to work in two weeks. The supervisor responded to plaintiff saying that she would see him in two weeks. Plaintiff did not abandon his job and followed SYR Inc. polices. SYR Inc. policy does not state that other doctor's notes will not be honored as evidence of an employee's reason for absence from work.

### III. ARGUMENT

A.  Applicable Standard of Review

"A pro se complaint must be read liberally," the "power summarily to dismiss...is limited". See, e.g., Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978) (reversing Rule 12 dismissal of pro se civil rights complaint). Rule 12 test the sufficiency of a complaint. On 12(b)(6) motion, "we accept as true the allegations of the complaint" Adams v. Bain, 697 F.2d 1213, 1217 (4th Cir. 1982) (reversing and remanding dismissal of 1983 civil rights action). In addition, the court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." Wu v. Tseng, 2007 U.S. Dist. LEXIS 5025 (E.D. Va. 2007)(quoating 5A Charles A. Wright & Arthur R.

Miller, Federal Practice and Procedure 1357 (1990). See, Anheuser Busch, Inc. v. Schmoke, 63 F.3d 1305, 1312 (4th Cir. (1995), vacated on other grounds, 517 U.S. 1206 (1996).

This case should not be dismissed for failure to state a claim on which relief can be granted, Cf. Adams v. Bain, 697 F.2d 1213, 1216 (4th Cir. 1982) "so long as a plaintiff colorably states facts which, if proven, would entitle him to relief". "Pro se complaints and petitions should be construed liberally by this court. Such pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys. A federal district court is charged with liberally construing a complaint or petition file by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L.Ed.2d. 163 (1980)."

A complaint need only have "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) ( internal quotations marks omitted). The United States Supreme Court has declared that the general "inartfully pleaded" allegations of a pro se 1983 civil rights complaint are held to "less stringent standards". See, e.g., Haines v. Kerner, 404 U.S. 519, 520-521 (1972) (reversing Fed. R. Civ. P. 12 dismissal). "It is now established doctrine that pleadings should not be scrutinized with such technical nicety that a meritorious claim should be defeated, and even if the claim is insufficient in substance, it be amended to achieve justice."

Mr. Burden has stated a plausible claim for relief. Mr. Burden was injured on the job, turned in doctor notes to his employer that stated he was disabled, filed for protection under worker's compensation and was then wrongfully terminated by his employer days before he was scheduled to return to work. The Virginia Human Rights Act, VA Code 2.2-3900B, which is the policy of this Commonwealth, safeguards all individuals within the commonwealth against disability discrimination (medical conditions) and preserves plaintiff's right against retailiation from his employer for filing a second workers' compensation claim within 8 months in the same year. In considering a motion to dismiss under Rule 12(b)(6), the Court "must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff." Martin, 980 F.2d at 952.

B.   States a Claim of Discrimination on the Basis of Disability in Violation of the Virginia Human Rights Act, Virginia's Public Policy, Virginia's State Statues or Common Laws, and the Americans with Disabilities Act.

The Virginia Human Rights Act, VA Code 2.2-3900B, is the Va. States policy that SYR Inc. violated when they wrongfully terminated the plaintiff, for sustaining an on the job injury in the performance of plaintiff's duties. VA Code 2.2-3900B safeguards all individuals within the commonwealth from employer's who discriminate against employees' who have a disability and medical conditions. Plaintiff was told by SYR Inc. that he abandom his job on Dec. 9, 2008 and SYR told plaintiff that he was terminated. The employer bears the burden of proving that the employee left work voluntarily. Shuler v. V.E.C., 9 Va. App. 147, 384 S.E.2D 122 (1989). SYR Inc. administrative assistance admitted under oath that SYR received the Dec. 1, 2008 doctor's note Ex. J, page 4, on Dec. 1, 2008. However, the defendant states that they received no such communications from Mr. Burden. This is an attempt by the defendant to intentionally distort the true facts in this case. Absenteeism, attributable to illness or injury does not constitute misconduct when the Employer has been properly notified. Ex. K, plainly confirms that the plaintiff had a disability at the time he was terminated by SYR. Inc. The Plaintiff's is considered to have a disability as defined by the Virginia Human Rights Act, Va.'s public policy, Va. Statues and its common law. The plaintiff was seeking protection under the Virginia's Workers' Compensation statues which fall within the ambit of wrongful discharge in violation of public policy. In this state of Virginia the plaintiff (1) was in the protected class; (2) plaintiff was discharged; (3) at the time of discharge, he was performing his job at a level that met his employer's legitimate

expectation; and (4) his dicharge occurred under circumstances that raise a reasonable inference of wrongful discharge. SYR Inc. did not terminate the plaintiff for not performing his job at a level that met his employer's legitimate expectations, SYR terminated plaintiff for failure to report to work. Plaintiff received all satisfactory performance ratings from SYR. The EEOC never investigated the plaintiff's claims of discrimination under the Virginia Human Rights Act, VA Code 2.2-3900B, eventhough, plaintiff cited the violation of this Act in his Complaint, Ex. A.

The Americans Disability Act's basic definition of disability is an impairment that substantially limits one or more major life activities, a record of such an impairment, or being regarded as having such an impairment. Plaintiff meets the basic definition of having a disability as defined by the ADA. Examples of "major life activities" include caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working. The plaintiff was unable to work for two weeks per his Dec.1, 2008 doctor note received by SYR Inc.; Working is one of the activities that's of central importance to the plaintiff's daily life, the plaintiff's disability prevented him from enjoying and participating in a major life activity. When the plaintiff filed for Virginia's Workers Compensation he was then in the protected class; he was discharged; at the time of discharge, he was performing his job at a level that met his employer's legitimate expectations, because the employer only made reference that plaintiff continuosly broke SYR Inc. policies; Ex. J, page 5 states that SYR failed to produce written warnings placing plaintiff on notice that this type of behavior placed his job in jeopardy.

Plaintiff has stated facts that sufficiently establishes a claim of discrimination on the basis of disability in violation of Virginia's Human Rights Act, Virginia's Public Policy, Virginia's State Statues, Virginia' Common Laws, and the Americans Disability Act.

### C. States a Claim of Discriminatory Retailiation

SYR Inc. Management Services' District Manager, stated in Ex. L in his response to EEOC that "During conversations blacked out name stated to Mr. Burden that she would call the Insurance Company and get him seen by a specialist on Monday December 1st. 2008. Mr. Burden refused her help and our panel of physicians." SYR Inc. management employee who made the so call verbal offer to Mr. Burden about the panel of physicians on 11/28/08, confirms that plaintiff was in a protected activity as of the date SYR filed the Employer's Accident Report which is required by the Virginia Workers' Compensation Act. SYR's Management should have known that SYR needed to give or send Mr. Burden a letter containing notification of the panel of physicians, which is required under Code Sec. 65.2-603 of the Va. Workers' Compensation Act. Plaintiff had an accident in April 2008 and knew some laws of the Act, and SYR knew the laws of the State at the time they made the statement that plaintiff refused their panel of physician. The plaintiff had suffered prior work-related injuries and had seen the Company's physician in every case that his claim was accepted. The plaintiff was injured on the job and promptly sought medical treatment for his injury, and received treatment for his injury. SYR Inc. received the doctor's note dated December 1, 2008, on December 1, 2008 per SYR's administrative assistant. SYR 's management decided to retaliate against the plaintiff for seeking protection under the Va. Workers' Compensation Act, which is a protected activity. The employer took adverse action against the plaintiff by terminating him. SYR Inc. has told this Court that as of December 9, 2008, Burden had not communicated with SYR regarding his medical condition or his inability to work on December 3, 4 or 6, 2010. SYR received Ex. J from the Va. Employment Commission and knew that their employee testified SYR received plaintiff's doctor's note dated December 1, 2008. However, SYR decided to unlawfully retaliate against plaintiff, and SYR's unlawful refusal to provide reasonable accommodation to limitations imposed by plaintiff's disability,was also in retaliation.

The rights of injured workers who suffer retaliation are protected by the Virginia Human Rights Act , Virginia's Public Policy, Va. Statutory Laws and Virginia's Common Laws. Retaliation is a charge distinctly different from a Disability charge. SYR stated that the plaintiff refused their panel of

physicians. The plaintiff opposed SYR's unlawful employment practice of giving their employees whom are injured on the job, a directive to see the company's physician. SYR'S store manager gave the plaintiff a directive to see the company's doctor. This is an unlawful employment practice because the law states (Medical management of the employee is not to be directed by the employer. An employer can require an employee to select an attending physician from its panel of three, but only an attending physician or the [Workers' Compensation] Commission may require an employee to see another Physician." Schwab Constr. v. McCarter, 25 Va. App. 104, 109-10, 486 S.E.2d 562,565 (1997) (quotations omitted). On December 1, 2008 the plaintiff gave his supervisor the Doctor's note dated 12/1/08; the store manager knew that the plaintiff's physician was with the Verterans Administration, and told plaintiff that she would see him in two weeks. Plaintiff's supervisor and the administrative assistant both testified under oath, at a hearing with the Va. Employment Commission, that they each gave the plaintiff the directive to see the company's physician and his refusal to comply with their directive was seen as an act of insubordination; SYR discharged plaintiff for failing to select a physician from its Panel of Physicians to treat his work-related injury per Ex. J.

Plaintiff was terminated while engaged in a protected activity and because he opposed an unlawful employment practice by SYR's management. Plaintiff has stated a plausible claim of discriminatory retailiation.

### D. States a Claim Upon Which Relief Can Be Granted

Plaintiff followed SYR'S policy when he immediately reported the accident to management which is the only mandatory procedure a claimant must do per the Company's Injury Policy, and afterwards plaintiff provided SYR with doctor notes, which the Company's Injury Policy states that the employee is personally responsible to do. The plaintiff was given unlawful orders by SYR'S management, opposed the unlawful orders and was terminated for his opposition to the orders. SYR entered into a cover up of the facts in order to retaliate and punish the plaintiff for seeking benefits to which he was entitled to by law. Mr. Burden has stated a plausible claim upon which relief can be granted. Compensatory damages and punitive damages can be awarded in a retaliatory discharged, and SYR motive was intentional and calculated when they wrongfully terminated the plaintiff. The plaintiff exercising his rights under the workers' compensation statue was the motivating factor in SYR'S decision to terminate plaintiff. Where there is no specific statute, a claim may be brought under common law.

### CONCLUSION

For the foregoing reasons, the Plaintiff respectfully request that this Court dismiss/deny the Defendant's Motion To Dimiss and enter a judgement in favor of Plaintiff.

Michael K. Burden
Plaintiff
6621 A Pilot Ave.
Norfolk, Va. 23513
(757) 376-4931

October 6, ~~2008~~ 2010

Civil Action No. 2: 10cv345

**Certifying Statement**: I certify that on this day October 6, 2010, I mailed a copy of the Plaintiff's opposition to the defendant's Motiom To Dismiss to SYR Inc. Management Services representitives Law office, Crenshaw, Ware & Martin, P.L.C, At the following address, 1200 Bank OF America Center, One Commercial Place, Norfolk, Virginia 23510-02116.

MICHAEL K. Burden   10-06-10

Memorandum In Support