# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

**MICHAEL K. BURDEN,**

    Plaintiff,

v.                                                                          Civil Action No. 2:10cv345

**SYR INC. MANAGEMENT SERVICES,**

    Defendant.

## REPLY TO MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant, SYR Inc. Management Services ("SYR"), by counsel, in response to Plaintiff's Memorandum in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss and in further support of its motion to dismiss, states as follows:

## PRELIMINARY STATEMENT

In his response to Defendant's Motion to Dismiss, Michael Burden ("Burden") fails to provide any adequate basis for this Court to deny SYR's motion to dismiss Burden's claims. First, although Burden states in his response that he has alleged that he was discriminated against "by retaliation for [*sic*] him for seeking protection under the Virginia Workers' Compensation statues [*sic*], Burden did not make such an allegation in the Complaint. In his Complaint, Burden states that he filed charges of "Retaliation Discrimination" and "Disability Discrimination" with the Equal Employment Opportunity Commission ("EEOC") on December 11, 2008 and been issued a Dismissal and Notice of Right to Sue based upon these charges. Complaint, ¶ 1. Burden claims that "Title VII of the Civil Rights Act and the Americans with Disabilities Act under federal law gives me the right to file this Lawsuit based on the charges

under Charge No. 437-2009-00289 the U.S.. Equal Employment Opportunity Commission dismissed." Complaint, ¶ 1. Based on these charges, in his conclusion, Burden demands:

> That plaintiff have judgment against defendant SYR Inc. Management Services for Discrimination based on Retaliation and Disability; (2) that plaintiff have judgment against SYR Inc. Management Services for One Hundred Thousand Dollars; (3) that plaintiff have judgment against defendant for costs.

Complaint. In the Complaint, Burden does not make any allegation that he was retaliated against because a report was made of an injury pursuant to the Virginia Workers' Compensation Act or that he even received any benefits under the Act. Further, Burden erroneously states that, among other protections, the Virginia Human Rights Act, Va. Code §2.2-3900B [*sic*] "preserves plaintiff's right against retaliation from his employer for filing second workers' compensation claim within 8 months in the same year." Plaintiff's Opposition, p. 3. In fact, Va. Code § 3900(B) provides that it is the policy of the Commonwealth of Virginia to:

1. Safeguard all individuals within the Commonwealth from unlawful discrimination because of race, color, religion, national origin, sex, pregnancy, childbirth or related medical conditions, age, marital status, or disability, in places of public accommodation, including educational institutions and in real estate transactions; in employment; preserve the public safety, health and general welfare; and further the interests, rights and privileges of individuals within the Commonwealth; and

2. Protect citizens of the Commonwealth against unfounded charges of unlawful discrimination.

The only claims which are properly before this Court and which are the subject of this motion are Burden's claims of retaliation and discrimination under Title VII of the Civil Rights Act and the Americans with Disabilities Act ("ADA"). To the extent that Plaintiff now alleges some additional common law claim, this claim was not raised in his Complaint and should not now be considered.

In his opposition, Burden impermissibly relies upon a number of documents related to his claim for unemployment benefits, including a decision of the Virginia Employment Commission and information provided by SYR to the Equal Employment Opportunity Commission ("EEOC"). These documents may not be considered as a matter of law and SYR asks that this Court strike these exhibits and any portion of Burden's argument that relies upon them. Along with improperly attaching these documents as exhibits to his opposition and relying upon these documents, Burden has failed to identify any basis upon which to deny SYR's motion. Burden fails to respond in any meaningful way to SYR's argument that he has failed to state a claim of discrimination or retaliation in violation of the ADA because he does not have a disability as defined by the ADA and cannot establish that he was performing his job at a level that met his employer's expectations. Furthermore, Burden continues to fail to identify any protected activity in which he engaged which would support his claim of retaliation. Under these circumstances, Burden has not and cannot demonstrate that there is any basis for his claim of discrimination in violation of the ADA, Title VII, or the Virginia Human Rights Act.

## ARGUMENT

**I.     Plaintiff's Reliance Upon Documents Related to His Claim for Benefits with the Virginia Employment Commission and Provided by SYR to the EEOC Is Improper and these Documents May Not be Considered.**

In his opposition to SYR's motion to dismiss, Plaintiff repeatedly references both the decision of the Virginia Employment Commission and information provided by SYR to the Virginia Employment Commission related to his claim for unemployment benefits and attaches documents related to this proceeding to his opposition. Plaintiff's Memorandum in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss ("Plaintiff's Opposition"), Exhibits J and K. Burden also attaches a document provided by SYR to the EEOC. Plaintiff's Opposition,

Exhibit L. First, these documents should not be considered by this Court because they were not initially provided to this Court with the Complaint. According to the authority cited by Plaintiff, *Wu v. Tseng,* 2007 WL 210087 (E.D. Va. 2007), in deciding a motion to dismiss, "the court may consider the facts alleged on the fact of the complaint, as well as "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.'" *Wu,* 2007 WL at *5 (quoting *Moore v. Flagstar Bank,* 6 F.Supp.2d 496, 500 (E.D. Va. 1997) (quoting 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 (1990)). These documents were not attached as exhibits to Burden's Complaint. These matters are also no matters of public record, orders, or items appearing in the record of the case. There is no basis for this Court's consideration of these additional documents attached by Burden to his opposition as Exhibits J, K and L. These documents should not be considered by this Court for purposes of Defendant's Motion to Dismiss and SYR requests that these exhibits be stricken.

      Furthermore, as a matter of law, these documents cannot be considered. Under Virginia law,

> Information furnished the Commission under the provisions of this chapter shall not be published or be open to public inspection, other than to public employees in the performance of their public duties  Neither such information, nor any determination or decision rendered under the provisions of §§ 60.2-219, 60.2-620, or § 60.2-622, shall be used in any judicial or administrative proceeding other than one arising out of the provisions of this title . . .

Va. Code § 60.2-623. In accordance with this provision, Exhibits J and K should be stricken. SYR also asks that this Court strike any argument made by Burden which cites to or incorporates the findings of the Virginia Employment Commission or refers to information provided by SYR in the context of Burden's pursuit of unemployment benefits.

4

Additionally, Burden attaches a copy of a statement provided by SYR to the EEOC (Exhibit L). This document is not properly before the Court. Courts in other districts have held that an EEOC position statement is admissible only to the extent that it is inconsistent with other evidence in the record. *See Gage v. Metro. Water Reclamation Dist. of Greater Chicago,* 365 F.Supp.2d 919, 937 (N.D. Ill. 2005); *Frazier v. Indiana Dep't of Labor,* 2003 WL 21254567, *4 (S.D. Ind. 2003). Here, there is no basis for admitting the position statement prepared by SYR in response to the EEOC's request and therefore this document should not be considered.

Therefore, SYR asks that Exhibits J, K and L be stricken from the record and that any reference to these documents or argument which relies upon them be stricken. Furthermore, because Burden's opposition impermissibly relies upon these documents, he has continued to fail to state a claim upon which relief can be granted and SYR asks that this Court grant its motion to dismiss.

## II. The Facts as Alleged by Plaintiff Do Not Support a Claim for Discrimination on the Basis of Disability Under the ADA.

As argued in Defendant's Motion to Dismiss, the facts do not support a finding that Burden suffered from a disability as defined by the ADA. In response to this argument, Burden states that he did have a disability because he was unable to work for two weeks and thus his impairment substantially limited the major life activity of working. However, this is simply insufficient to constitute a disability under the ADA. As outlined in Defendant's Memorandum of Law in Support of its Motion to Dismiss, factors which should be considered in determining whether an impairment is substantially limiting are (1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the permanent or long term impact of the impairment. 29 C.F.R. § 1630.2(j)(2). The United States Supreme Court has expressly stated that under the ADA, the terms "substantially" and "major" as used in the

definition of disability under the ADA are to be "interpreted strictly" and create a "*demanding* standard."

Furthermore, as the Fourth Circuit stated in *Pollard,* the issue of whether the impairment is permanent or long term is crucial to determining whether a major life activity is substantially limited under the ADA. *See Pollard v. High's of Balt., Inc.*, 281 F.3d 462 (4th Cir. 2002). In that case, a nine month absence from work did not constitute a disability. Here, Burden only claims a two week inability to work. This is simply insufficient to constitute a substantial limitation on a major life activity.

Burden is also unable to demonstrate that, at the time of the discharge, he was performing his job at a level that met his employer's legitimate expectations. In response to SYR's assertion that he was not performed adequately, Burden again impermissibly relies upon the findings of the Virginia Employment Commission and information provided to the Virginia Employment Commission (contained in Exhibit J). This information is not to be utilized in this proceeding. According to the evidence that was presented by the Plaintiff with his Complaint, specifically, the Employee Outprocessing Separation Form of December 9, 2008, Burden had not communicated with SYR regarding his medical condition or his inability to work on December 3, 4 or 6, 2010. Compl., Ex. I. This evidence demonstrates unequivocally that SYR was wholly unsatisfied with Plaintiff and therefore even if he was terminated, he would be unable to succeed in a claim that it was because of his disability or in retaliation for a report of his disability. In light of the fact that Burden did not have a disability and was not performing at an adequate level, there is simply no basis for Burden's claim of discrimination on the basis of disability and thus this claim must be dismissed.

**III.    Plaintiff Continues to Fail to Identify Any Alleged Protected Activity In Which He Engaged and Therefore His Claim For Retaliation Must be Dismissed.**

Burden has not and cannot demonstrate that he engaged in protected activity as defined under the ADA in order to state a claim of retaliation. For the reasons stated in Section I herein, to the extent that Burden's argument with regard to his claim of retaliation impermissibly relies upon information furnished to the Virginia Employment Commission during the claims adjudication process, Defendant asks that it be stricken. Furthermore, along with relying on improper information, Plaintiff also continues to fail to articulate any basis for a claim of retaliation under the ADA. Protected activity has a specific meaning in the context of a claim of retaliation. *See Parkinson v. Anne Arundel Medical Center,* 79 Fed. Appx. 602 (4th Cir. 2003). As the Fourth Circuit stated in *Parkinson,* in order to show that activity in which he engaged was protected, a plaintiff must show that he had a reasonable belief that the practice he had opposed on a particular day amounted to the employer's unlawful refusal to provide reasonable accommodation to limitations imposed by the plaintiff's disability. *See id.*

Burden has not engaged in any protected activity enabling him to state a claim for retaliation under the ADA. Burden claims that he engaged in a protected activity when SYR filed the Employer's Accident Report on November 28, 2008. Plaintiff's Opposition, p. 4. However, the filing of an Employer's Accident Report does not constitute a protected activity in the context of a retaliation claim under the ADA or the Virginia Human Rights Act, which are the bases for Burden's claim as stated in his Complaint. Any claim that Burden may believe he has against SYR related to its requirement that he see a particular physician is simply not before this Court as it does not amount to his opposition to SYR's unlawful refusal to provide reasonable accommodation to limitations imposed by his disability. First, as stated here, Burden is not and was not suffering from a disability. Furthermore, Burden made no request for any reasonable accommodations based upon any alleged disability.

7

As set forth in SYR's Memorandum of Law in Support of its Motion to Dismiss, Burden's claim of retaliation is in actuality a restatement of his claim of discrimination. Burden has no plausible claim of retaliation in violation of the ADA against SYR and this claim must be dismissed. Under these circumstances, Burden has failed to articulate a claim of retaliation in violation of the ADA, the Virginia Human Rights Act or Title VII and this claim should be dismissed.

## CONCLUSION

For the foregoing reasons, SYR Inc. Management Services respectfully requests that this Court strike Exhibits J and K to Plaintiff's Memorandum in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss, strike any argument related to these documents, and dismiss the Complaint in its entirety with prejudice.

This 12th day of October, 2010.

SYR INC. MANAGEMENT SERVICES

/s/ Elaine Inman Hogan
Ann K. Sullivan, VSB #17763
Elaine Inman Hogan, VSB #48409
*Attorney for Hiller Systems, Inc.*
Crenshaw, Ware & Martin, P.L.C.
1200 Bank of America Center
One Commercial Place
Norfolk, VA 23510
Telephone: (757) 623-3000
Fax: (757) 623-5735
asullivan@cwm-law.com
ehogan@cwm-law.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 12th day of October, 2010, I mailed a copy of the foregoing to following persons who are not registered users of the CM/ECF system:

    Michael K. Burden
    6621 A Pilot Ave.
    Norfolk, VA  23513

        /s/ Elaine Inman Hogan
        Ann K. Sullivan, VSB #17763
        Elaine Inman Hogan, VSB #48409
        *Attorney for Hiller Systems, Inc.*
        Crenshaw, Ware & Martin, P.L.C.
        1200 Bank of America Center
        One Commercial Place
        Norfolk, VA 23510
        Telephone: (757) 623-3000
        Fax: (757) 623-5735
        asullivan@cwm-law.com
        ehogan@cwm-law.com